THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GLORIA SUN JUNG YUN, et al.,

   Plaintiffs,

v.

BANK OF AMERICA, N.A., et al.,

   Defendants.

: 3:18-CV-649
: (JUDGE MARIANI)

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is a Complaint filed by Plaintiffs Gloria Sun Jung Yun and the Trustee of the Gloria Sun Jung Yun Trust against Defendants Bank of America, N.A., Wilmington Savings Fund Society, FSB, Stern & Eisenberg, P.C., Phelan Hallinan Diamond & Jones, PLLC, and Reed Smith, LLC. (Doc. 1). Accompanying the Complaint is a Motion for Leave to Proceed *In Forma Pauperis*, (Doc. 3), and an Emergency Motion for Injunctive Relief, (Doc. 2). Upon review of the filings, the Court will grant Plaintiffs' Motion for Leave to Proceed *In Forma Pauperis*. For the reasons that follow, however, the Court lacks subject matter jurisdiction over Plaintiffs' Complaint and will therefore dismiss the Complaint and the Motion for Injunctive Relief.

### II. BACKGROUND

Plaintiffs' filings, fairly construed, allege that Wilmington Savings Fund Society, FSB, prevailed in a state court foreclosure action against Plaintiffs. Plaintiffs allege that judgment

was obtained by fraud because Plaintiffs were prevented from conducting any discovery and Defendants failed to present any evidence of the original promissory note. As a result of the state court judgment, Plaintiffs are presently facing eviction. Through this federal action, Plaintiffs seek to vacate the state court judgment and prevent a pending eviction from occurring.

### III. ANALYSIS

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) (internal citations omitted).

> [T]he federal courts are without power to adjudicate the substantive claims in a lawsuit, absent a firm bedrock of jurisdiction. When the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits.

*Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977).

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L. Ed. 264 (1868). This rule "'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998)

2

(alteration original) (quoting *Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 382, 4 S. Ct. 510, 28 L. Ed. 462 (1884)).

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). "[T]he burden of establishing the [existence of subject-matter jurisdiction] rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. This is because, as a result of strict constitutional and statutory limits on federal courts' jurisdiction, "[i]t is to be presumed that a cause lies outside this limited jurisdiction." *Id.*

The *Rooker–Feldman* doctrine prevents federal district courts from exercising jurisdiction "[i]n certain circumstances, where a federal suit follows a state suit." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163-64 (3d Cir. 2010). The doctrine originated from two Supreme Court opinions issued over the course of six decades, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). "The doctrine is derived from 28 U.S.C. § 1257 which states that '[f]inal judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the Supreme Court.'" *Gary v. Braddock Cemetery*, 517 F.3d 195, 200 (3d Cir. 2008) (alteration original). "'Since Congress has never conferred a similar power of review on the United States District Courts, the Supreme Court has inferred that Congress

did not intend to empower District Courts to review state court decisions.'" *Id.* (quoting *Desi's Pizza, Inc. v. City of Wilkes Barre*, 321 F.3d 411, 419 (3d Cir. 2003)).

The doctrine is narrow in scope. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). It "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* The doctrine is not implicated, however, "[i]f a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party." *Id.* at 293 (quoting *GASH Assoc. v. Vill. Of Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)).

> In the Third Circuit,
>
>> there are four requirements that must be met for the *Rooker–Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments.

*Great W. Mining & Mineral Co.*, 615 F.3d at 166 (alteration in original) (quoting *Exxon Mobil Corp.*, 544 U.S. at 284). According to the Court of Appeals, "[t]he second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim." *Id.* "The second requirement—that a plaintiff must be complaining of injuries caused by a state-court judgment—may also be thought of as an inquiry into the

4

source of the plaintiff's injury." *Id.* The fourth requirement "targets . . . whether the plaintiff's claims will require appellate review of state-court decisions by the district court." *Id.* at 169.

Here, all four *Rooker–Feldman* requirements are met. First, Plaintiffs have alleged that they lost in a state court foreclosure action. Second, Plaintiffs are complaining of injuries caused by that state court judgment, namely the foreclosure of Plaintiffs' house and the pending eviction therefrom. Third, Plaintiffs have alleged that the state court judgment has already been rendered. Fourth, Plaintiffs explicitly ask this Court to examine what happened in state court and have "the lower court's (court of common pleas) judgment . . . voided by this [C]ourt." (Doc. 1 at ¶ 5). Simply put, Plaintiffs seek to have this Court sit as an appellate court over a Pennsylvania Court of Common Pleas. As such, this case presents a hornbook example of the type of action that is barred by *Rooker–Feldman*.

## IV. CONCLUSION

For the foregoing reasons, this Court will dismiss Plaintiffs' Complaint because it lacks subject matter jurisdiction over the action. A separate Order follows.

Robert D. Mariani
United States District Judge